## DAVID N. LOWE
### v.
## W. S. MARLOW

CONTRACT FOR SERVICE—LABOR ON SUNDAY—EXTRA COMPENSATION.—Where a party hires to work for a farmer at a stipulated rate per month, knowing that certain work will be required of him on Sunday, and makes no claim therefor in the final settlement, afterwards brings suit to recover for extra work done on Sunday, he will not be allowed to recover. The law will not imply a promise to pay additional wages for such work. But as he knew what he was expected to do under the contract, and the agreement was to labor by the month for a given compensation, the monthly compensation received by him must be in full satisfaction for all services rendered.

APPEAL from the Circuit Court of Kankakee county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed November 1, 1879.

Messrs. W. H. RICHARDSON & BRO., for appellant; against the right of appellee to recover for labor on Sunday, cited Rev. Stat. 1874, 391; Scammon v. Chicago, 40 Ill. 146; Baxter v. The People, 3 Gilm. 368.

Mr. THOMAS S. SAWYER, for appellee, cited Johnston v. The People, 31 Ill. 469; 64 Ill. 243.

PILLSBURY, P. J.   This suit was commenced before a justice

of the peace, and taken by appeal to the Circuit Court, where, upon a trial before the court and jury, a verdict was returned against the defendant below for $30, and the court overruling a motion for a new trial, rendered judgment thereon and the defendant appeals to this court.

It appears from the record that the appellant was a farmer, and in November, 1875, being in want of a hand to do general farm labor, saw the appellee, and they entered into a contract that the appellant should pay the appellee eighteen dollars for one month, and then, if he suited the appellant, he should receive twenty dollars per month so long as he should remain with appellant and they could agree. Under this arrangement the appellee commenced work for the appellant and remained nearly three years, doing general farm work during week days and assisting in feeding cattle and doing other labor necessary to be done upon the farm on Sunday.

When he saw proper to quit work, on th 30th day of October, 1878, they had a settlement and the appellant paid him for the whole time at the agreed rate of twenty dollars per month. At this time no dissatisfaction was expressed by the appellee with the settlement nor any claim made by him that he should receive any additional compensation for labor performed by him upon Sunday.

Neither does it appear that any agreement was ever made during the time of his services that he was to receive anything in addition to his monthly wages for such labor, or that he ever objected to assist upon Sunday in performing such labor as is well known must be done upon that day upon every farm.

So far as this record discloses, the relations between employer and employee were amicable, and no dissatisfaction was ever expressed by appellee either as to his treatment by appellant and his family or the amount or character of the labor he was expected to and did perform.

About two months after he left the employ of the appellant and satisfactorily settled for his labor upon the basis of work by the month, he brought this suit to recover for such Sunday labor.

We are of the opinion that under the proof in this case the appellee cannot recover.

His employment was by the month, and during the first month upon which it may be said he was upon trial, he did the same work upon Sunday that he did thereafter, and he himself testifies, that he knew that the same kind of work would have to be done, if he remained, that he had been doing for the first month, and yet he agrees to remain and continue his labor at twenty dollars per month, without mentioning anything about labor on Sunday.

Under such circumstances, the law will not imply a promise to pay any additional wages for such work, but as he knew what he was expected to do under the contract, and the agreement was made to thus labor by the month for a given compensation, and he settled for so many months labor and received the contract price therefor, and as each month included all the labor performed in such month, the conclusion is irresistible that the parties contemplated that the monthly compensation thus paid and accepted should be in full satisfaction for all services rendered.

As well might it be said that the law would, under such circumstances, imply that the appellee should pay the appellant for his board upon Sunday, which would be absurd, although he agreed to pay him a certain amount per month and board him.

While we would not be understood as saying, that a party hiring to another to labor upon a farm where there is no understanding between them expressed or implied, that the employee would be expected to assist in the necessary Sunday labor required to be done, would be obliged by the contract to do so, yet if he, while laboring and boarding with his employer, without objection upon his part assists the former in such labor upon the Sabbath day, we are of the opinion the law will not allow him to recover extra wages therefor. In such case, if he does not desire to assist in such work, good faith would seem to require him to so inform his employer, and thus give his master an opportunity of either dispensing with his services altogether upon that day, or of making some contract for such work at an agreed price. It is singular, to say the least, that if appellee intended to charge the appellant for such extra

work, he should not, at the time of the settlement, have called appellant's attention to the fact that he had labored for seventy-two Sundays, as he now says he did, and demand payment therefor. Certainly he could not have forgotten it, and yet nothing is said about it.

This claim of appellee's appears to us to be the result of an after-thought upon his part, and as such should not be encouraged.

The judgment must be reversed, and as in our view, the plaintiff cannot recover, even upon his own statement of the facts, we decline to remand the cause.

Judgment reversed.